UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KLEINWOOD MUNICIPAL UTILITY DISTRICT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-3071 |
| | § | |
| CYPRESS FOREST PUBLIC UTILITY DISTRICT, | § | |
| JP/RAVENEAUX PARTNERS LP, AND KERA | § | |
| DEVELOPMENT, LP | § | |
| | § | |
| *Defendant*. | § | |

### ORDER

Pending before the court are defendants Cypress Forest Public Utility District ("Cypress"), JP/Raveneaux Partners, LP ("JP"), and Kera Developments' ("Kera") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkts. 5, 9. On consideration of the motions, plaintiff's responses, the reply, and the applicable law, defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART as detailed below.

### I. BACKGROUND

Plaintiff Kleinwood Municipal Utility District ("Kleinwood") and defendant Cypress are Texas municipal utility districts under section 59 of article XVI of the Texas Constitution and chapters 49 and 54 of the Texas Water Code. Dkt. 1. Defendants JP and Kera (collectively "Developers") are partnerships in the business of real estate development. *Id.*

In October 2006, Kleinwood entered into a contract with the Developers to annex a 39-acre tract of land (the "Raveneaux Tract" or "Tract") owned by the Developers. *Id.* The contract provided that Kleinwood would tax and provide water and services to the owners of the property

within the Raveneaux Tract, and purchase any water, sewer, or drainage facilities that the Developers might later construct on the Tract. Dkt 5.

In January 2008, Kleinwood learned that defendant Cypress had attempted to enter into a similar agreement with the Developers for the annexation of the Raveneaux Tract. Dkt. 1. When Kleinwood expressed its concern to the Developers, the Developers' representative executed some documents[1] and assured Kleinwood that the Developers intended to perform on the Kleinwood contract. *Id.* However, in September 2008, Kleinwood learned that the Developers had entered into a separate contract with defendant Cypress for the annexation of the Raveneaux Tract. *Id.* When Kleinwood demanded the Developers perform their obligations under the contract, the Developers' representative stated that the Kleinwood contract had "terminated" and that other arrangements had been made. *Id.* Kleinwood then brought this suit against Cypress and the Developers for (1) deprivation of Constitutional rights under 42 U.S.C. § 1983, namely, violation of Fourteenth Amendment due process rights and unconstitutional taking of property without compensation under the Fifth Amendment; (2) civil conspiracy to deprive Kleinwood of Constitutional rights; (3) violation of due process rights guaranteed by the Fourteenth Amendment; (4) unconstitutional taking of property under the Fifth Amendment and TEX. CONST. art. 1, § 17; (5) tortious interference with an existing contract; and (6) breach of contract. *Id.*

Defendants Cypress, Kera, and JP now move the court to dismiss the instant case under Federal Rule of Civil Procedure 12(b)(6). Dkts. 5, 9. As grounds for the motions, defendants allege the following: (1) local governmental entities cannot bring Constitutional claims against other governmental entities; (2) because there are no Constitutional claims, the Section 1983 claims,

---

[1] It is unclear whether the documents were the contract at issue or merely documents related to the annexation of the Raveneaux Tract. However, for the reasons described herein, this distinction is irrelevant.

including conspiracy, must fail; (3) there is no "taking" of Kleinwood's property because expectancy of the right to collect ad valorem taxes is not a vested property interest; and (4) should the section 1983 claims fail, the remaining claims against the Developers are purely state concerns, and the court should refuse to exercise supplemental jurisdiction. *Id.*

## II. DISCUSSION

### A.    Standard for Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The court is to accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994). The plaintiff is not required to plead specific facts relating to his claim to survive a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). However, a plaintiff's obligation to plead sufficient facts "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* The plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### B.    Analysis

Section 1983 provides a vehicle for civil claims relating to deprivation of civil rights. It provides, in relevant part: "Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or any other person . . . to the deprivation of any rights . . . secured by the Constitution and laws . . . shall be liable to the party injured." 42 U.S.C. § 1983. The question presented is whether a subdivision of a state

government may sue another subdivision for claims arising out of rights protected by the U.S. Constitution. The court finds that it may not.

*1.      Applicable Law*

The Supreme Court has held that municipal corporations may not challenge their creating state under the Fourteenth Amendment because they are "creatures of the state." *Coleman v. Miller*, 307 U.S. 433, 441, 59 S. Ct. 972 (1939); *see also City of Trenton v. New Jersey*, 262 U.S. 182, 190, 43 S. Ct. 534 (1923) ("In this [case] no question under . . . the Constitution of the United States is involved, but only a question of local law . . . ."). This principle applies "whether the defendant is the state itself or another of the state's political subdivisions." *City of S. Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir.), *cert. denied*, 449 U.S. 1039, 101 S. Ct. 619 (1980) (citing *New Orleans v. New Orleans Water Works Co.*, 142 U.S. 79, 12 S. Ct. 142 (1891)).

The Fifth Circuit has consistently followed this line of reasoning. *See Harris v. Angelina County*, 31 F.3d 331 (5th Cir. 1994) ("[S]tate subdivisions, such as counties or municipalities, cannot assert constitutional claims in federal court against . . . other political subdivisions."); *Town of Ball v. Rapides Parish Police Jury*, 746 F.2d 1049, 1052 (5th Cir. 1984) (dismissing the Town's Fourteenth Amendment claims against its Parish); *Appling County v. Mun. Elec. Auth.*, 621 F.2d 1301, 1308 (5th Cir. 1980) (quoting *Williams v. Mayor of Baltimore*, 289 U.S. 36, 40, 53 S. Ct. 431 (1933)) (dismissing claims under both section 1983 and the U.S. Constitution because municipal corporations may not challenge their creating government under the U.S. Constitution); *City of Safety Harbor v. Birchfield*, 529 F.2d 1251, 1253–56 (5th Cir. 1976) (holding that a municipality may not assert claims under section 1983 against state legislators). This is based in part on the fact that "political subdivisions lack Fourteenth Amendment or other constitutional rights against the

creating state." *Harris*, 31 F.3d at 339 (citing *City of Trenton*, 262 U.S. at 188 ("This court has never held that these subdivisions may invoke [constitutional] restraints upon the power of the state."); *Birchfield*, 529 F.2d at 1254 ("[I]t has been apparent that public entities which are political subdivisions of states do not possess constitutional rights . . . . Such entities are creatures of the state, and possess no rights, privileges, or immunities independent of those expressly conferred upon them by the state.")).

This principle is followed in other Circuits as well. Courts in the Second, Seventh, Ninth, and Eleventh Circuits have all explicitly held that a subdivision of a state government may not assert constitutional claims against its creator. *See United States v. Alabama*, 791 F.2d 1450, 1455–56 (11th Cir. 1986) (holding that a state university may not bring section 1983 claims against the state board of education); *Village of Arlington Heights v. Reg'l Transp. Auth.*, 653 F.2d 1149, 1152 (7th Cir. 1981) (quoting *People v. Valentine*, 365 N.E.2d 1082, 1086 (Ill. App. Ct. 1977)) ("[R]estraints against state action under the fourteenth amendment to the Constitution . . . do not apply against a State in its relationship to . . . municipalities."); *City of S. Lake Tahoe*, 625 F.2d at 233; *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 368 (S.D.N.Y. 2000) ("Congress intended Section 1983 to provide private citizens with a remedy against state action. It would run counter to that intent to allow a governmental subdivision to sue another governmental subdivision for damages under Section 1983.").

  *2. Application to Plaintiff's Claims*

Plaintiff has asserted claims under Section 1983 and the Fourteenth Amendment to the U.S. Constitution. Dkt. 1. Plaintiff and defendant Cypress are both municipal utility districts, formed under and governed by Texas state law. Kleinwood and Cypress are therefore subdivisions of the

Texas state government. And, as discussed above, one government subdivision may not pursue constitutional claims against another, whether through pure constitutional claims or through the statutory vehicle of Section 1983.[2] Plaintiff's claims against defendant Cypress under Section 1983 and the Fourteenth Amendment will therefore be dismissed.

Additionally, plaintiff has brought constitutional claims against the Developer defendants. Plaintiff concedes that the Developer defendants are in no way associated with the state government, and did not act under color of state law. Any claims against the Developers under Section 1983 and the Fourteenth Amendment will therefore be dismissed.

Finally, plaintiff's claim of conspiracy to violate civil rights must also fail. Because plaintiff has brought no valid constitutional claims against the defendants, there is no basis in law or fact for a claim of conspiracy.

### III. CONCLUSION

After a review of defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court concludes that plaintiff may not bring claims under 42 U.S.C. § 1983 or the U.S. Constitution against any of the defendants. Defendants' motions to dismiss are GRANTED IN PART with respect to all claims based on the U.S. Constitution or federal law. Counts 1, 2, and 3, and the portion of count 4 alleging violation of the Fifth Amendment to the U.S. Constitution of the plaintiff's complaint are hereby DISMISSED WITH PREJUDICE. Furthermore, this court declines to exercise supplemental jurisdiction over the remaining state law claims. Counts 5 and 6, and the

---

[2] Section 1983 provides merely a vehicle for asserting claims for violation of civil rights protected under the Constitution; it does not provide any substantive rights of its own. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617–18, 99 S. Ct. 1905 (1979).Therefore, in the absence of a right protected by the U.S. Constitution, plaintiff's section 1983 claim must also fail.

portion of count 4 based on the Texas Constitution, are DISMISSED WITHOUT PREJUDICE to refiling in a court of proper jurisdiction. Accordingly, the remainder of defendants' motions are DENIED.

    IT IS SO ORDERED.

    Signed at Houston, Texas on March 30, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY